IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| BRYCE GLENN GRANBOIS,<br><br>Petitioner,<br><br>vs.<br><br>FORT PECK TRIBAL JAIL,<br><br>Respondents. | Cause No. CV 15-83-GF-BMM-JTJ<br><br><br>ORDER |

On September 21, 2015, this action was filed by Bryce Glenn Granbois. He is seeking a writ of habeas corpus under 25 U.S.C. § 1301, et. seq., the Indian Civil Rights Act. (Doc. 1.) Granbois is a tribal prisoner proceeding pro se.

Section 1303 of the ICRA provides: "The privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe." 25 U.S.C. § 1303. The term "detention" in the statute must be interpreted similarly to the "in custody" requirement in other habeas contexts. *Moore v. Nelson*, 270 F. 3d 789, 791 (9th Cir. 2001). Therefore, an ICRA habeas petition is only proper when the petitioner is in tribal custody. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49 (1978).

Although from his petition it is unclear exactly what date Granbois was taken into custody by the Fort Peck Detention Center, as of the date of signing his

petition, Granbois had been in custody for 28 days. (Doc. 1 at 1.) In the intervening days, however, Granbois was taken into federal custody by the U.S. Marshals Service. On September 15, 2015, Granbois was arraigned before United States Magistrate Johnston in case number CR-15-52-BMM. Because Granbois is now in the custody of the U.S. Marshals for charges pending before this Court, he is unable to establish the requisite tribal detention to support his petition. His claims are now moot.

Accordingly, **IT IS HEREBY ORDERED** that this action is **DISMISSED**.

DATED this 23rd day of September, 2015.

_____
Brian Morris
United States District Court Judge